# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-905V

|  |  |
|---|---|
| GARY KAFER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

<u>**DECISION ON ATTORNEY'S FEES AND COSTS**</u>[1]

On June 15, 2023, Gary Kafer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination administered on September 24, 2021. Petition, ECF No. 1. On April 23, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 23.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,216.40 (representing $20,153.90 in fees and costs incurred by Petitioner's counsel of record: Conway Homer, P.C., plus $3,062.50 in fees and costs incurred by Petitioner's former counsel: Allen D. Place, Esq.). Petitioner's Application for Fees and Costs ("Motion") filed October 9, 2024, ECF No. 29. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 30.

Respondent reacted to the motion on October 22, 2024, indicating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 31. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The hourly rates requested by Petitioner's counsel of record: Ronald C. Homer and his associates at Conway Homer, P.C., for all work performed through the end of 2024, are reasonable and consistent with our prior determinations and will therefore be adopted herein. However, the proposed hourly rate of $350 for Petitioner's former counsel: Mr. Allen D. Place, requires further evaluation and adjustment.

Petitioner did not file an affidavit or any other supporting information to substantiate Mr. Place's proposed hourly rate. It is incumbent upon Petitioner's counsel to submit an affidavit in the future to support such requests. Additionally, as of the filing of this Motion, it does not appear that Mr. Place is admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Instead, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I hereby award the lesser rate of $250 for Mr. Place's work in this matter between the 2021-22 timeframe.** Application of the foregoing reduces the amount of fees to be awarded by **$875.00.**[3]

### B. Litigation Costs

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 29 at 21-29. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] This amount consists of ($350 - $250 = $100 x 8.75 hrs.) = $875.00.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of <u>$22,341.40</u> (representing $20,153.90 in fees and costs incurred by Petitioner's counsel of record: Conway Homer, P.C., plus $2,187.50 in fees and costs incurred by Petitioner's former counsel: Allen D. Place, Esq.) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.